UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELISSA SULLIVAN<br>    Plaintiff<br><br>v.<br><br><br>DCS ENTERPRISES, INC., JOHN DOE a/k/a<br>TIM O'DONNELL, &<br>MARK HOROWITZ<br>    Defendants | CIVIL ACTION<br><br><br>JURY TRIAL<br>CLAIMED<br><br><br><br><br>OCTOBER 1, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency who was attempting to collect a debt from Plaintiff on behalf of Defendant creditor. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* by the debt collector and its representative, and includes pendent State law claims for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* against both the debt collector and the creditor, and the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 against the creditor.

### II. PARTIES

2. Plaintiff, Melissa Sullivan, is a natural person residing in Wolcott, Connecticut.

3. Defendant DCS Enterprises, Inc., ("DCS") is an Illinois corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

4. Defendant John Doe a/k/a Tim O'Donnell (Tim O'Donnell) is a servicing agent for DCS. Tim O'Donnell's true identity and location are not know by Plaintiff at this time but can be ascertained through discovery.

5. Mark Horowitz is a Doctor of Dental Medicine who practices dentistry in Waterbury, Connecticut.

### III. JURISDICTION

6. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337 and 1367, and Fed. R. Civ. P. 18(a).

7. This Court has jurisdiction over DCS because it engages in debt collection activities within Connecticut.

8. This Court has jurisdiction over Mark Horowitz because he practices dentistry in Connecticut.

9. Venue in this Court is proper, as Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

10. As of August 14, 2009, Plaintiff owed a debt of $1,056.60 on an account pertaining to dental work Mark Horowitz had performed on Plaintiff; due to "billing charges" assessed to that account by Mark Horowitz, the debt had increased to $1,071.60 as of February 22, 2010.

11. On or around March 6, 2010, an insurance payment in the amount of $520.60 was paid towards the account, bringing the balance of the account down to $551; over the course of the next few months, Mark Horowitz added to that balance an additional

$9.00 in "billing charges," and on or around June 14, 2010, he also assessed to the account a collection fee in the amount of $310.76 and interest in the amount of $53.20, which brought the alleged account balance up to $923.96.

12. Mark Horowitz retained DCS to collect the $923.96 allegedly owed by Plaintiff on the account ("the Debt").

13. On or around June 24, 2010, around 8:00 PM, Tim O'Donnell called and spoke with Plaintiff's husband, and during that call, Tim O'Donnell told him that Plaintiff owed a Debt in the amount of $923.26; when Plaintiff's husband queried him as to why the amount of the Debt was $923.96, Tim O'Donnell told him that the main reason was because Plaintiff owed approximately $310 in collection fees.

14. At the time of that call, Plaintiff was nine months pregnant; Plaintiff also spoke with Tim O'Donnell during that call, and she became very upset and stressed by the fact that Tim O'Donnell was alleging that the Debt was now $923.96.

15. Plaintiff's increased stress level caused her to start having contractions later that night, and as a result, she had to see her doctor at 7 o'clock the next morning.

16. Because Plaintiff was forced to visit the doctor on account of the sudden onset of labor contractions she was experiencing, she was not able to perform her baby sitting job that day, and she lost income as a result.

17. A few days later after Tim O'Donnell's aforementioned phone call, Plaintiff received a DCS collection letter dated June 24, 2010; that letter stated that Plaintiff owed $923.96, and that she had thirty days from receipt of the letter to dispute the Debt or request verification of the Debt.

3

18. Within a couple of days of receiving the aforementioned letter, Plaintiff received a DCS collection letter signed by Tim O'Donnell and dated June 24, 2010; that letter demanded immediate payment of $923.96 and it stated that the Debt would not be reported to credit bureau if Plaintiff made satisfactory payment arrangements with DCS.

19. On or around July 19, 2010, Plaintiff sent DCS a letter disputing the alleged amount of the Debt and requesting verification.

20. At about the same time, Plaintiff received a collection letter dated July 13, 2010, in which DCS demanded payment of $923.96 and threatened to list the account with three different consumer reporting agencies if Plaintiff failed to pay that amount.

21. On or around the beginning of August 2010, Plaintiff received a letter from DCS signed by Tim O'Donnell and which enclosed documentation regarding the alleged debt, requested that full payment be made in the amount of $923.96, and threatened to report to the credit bureau if Plaintiff failed to pay the Debt.

## V. CLAIMS

### First Count
### Fair Debt Collection Practices Act - DCS

22. Plaintiff incorporates Paragraphs 1-21.

23. DCS violated 15 U.S.C. § 1692g by sending to Plaintiff collection letters which overshadowed and violated Plaintiff's verification rights under the FDCPA.

24. DCS violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the Debt in its letters to Plaintiff and collection call with Plaintiff and her husband.

4

25. DCS violated 15 U.S.C. § 1692e(2)(B) by falsely representing in its letters to Plaintiff and collection call with Plaintiff and her husband the collection fee which may lawfully be collected.

26. DCS violated 15 U.S.C. § 1692e(5) by threatening to report an inaccurate debt to the credit bureaus.

27. DCS violated 15 U.S.C. § 1692f(1) by attempting to collect a collection fee in excess of the percentage permitted by Conn. Gen. Stat. § 36a-805(13).

28. DCS violated 15 U.S.C. § 1692f by its unfair practices described above; and

29. DCS violated 15 U.S.C. § 1692d by harassing and abusing Plaintiff as described above.

30. For DCS's violations of the FDCPA as described above, Plaintiff is entitled to recover her actual damages (including emotional distress related damages), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## Second Count
## Fair Debt Collection Practices Act – Tim O'Donnell

31. Plaintiff incorporates Paragraphs 1-21.

32. Tim O'Donnell violated 15 U.S.C. § 1692g by sending Plaintiff letters which overshadowed and violated Plaintiff's verification rights under the FDCPA.

33. Tim O'Donnell violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the Debt in his letters to Plaintiff and collection call with Plaintiff and her husband.

34. Tim O'Donnell violated 15 U.S.C. § 1692e(2)(B) by falsely representing in his letters to Plaintiff and collection call with Plaintiff and her husband the collection fee which may lawfully be collected.

35. Tim O'Donnell violated 15 U.S.C. § 1692f(1) by attempting to collect a collection fee in excess of the percentage permitted by Conn. Gen. Stat. § 36a-805(13).

36. Tim O'Donnell violated 15 U.S.C. § 1692e(5) by threatening to report an inaccurate debt to the credit bureaus.

37. Tim O'Donnell violated 15 U.S.C. § 1692f by his unfair practices described above; and

38. Tim O'Donnell violated 15 U.S.C. § 1692d by harassing and abusing Plaintiff as described above.

39. For Tim O'Donnell's violations of the FDCPA as described above, Plaintiff is entitled to recover her actual damages (including emotional distress related damages), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### Third Count
### Connecticut Unfair Trade Practices Act - DCS

40. Plaintiff incorporates Paragraphs 1-21.

41. DCS violated CUTPA by its debt collection activities described above.

42. DCS's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff.

43. Plaintiff has sustained an ascertainable loss as a result of DCS's acts, including but not limited to income lost due to DCS's illegal collection activity.

44. DCS is liable to Plaintiff for her actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

## Fourth Count
### Creditor Collection Practices Act – Mark Horowitz

45. Plaintiff incorporates Paragraphs 1-21.

46. Mark Horowitz violated the CCPA and the regulations promulgated there under by the Connecticut Department of Banking as follows:

   a. Mark Horowitz violated Conn. Agencies Reg. § 36a-647-6(2)(A) by falsely representing the amount of the Debt.

   b. Mark Horowitz violated Conn. Agencies Reg. § 36a-647-5(7) by soliciting interest charges that were not authorized by the agreement creating the Debt and collection fees that were not authorized by that agreement or permitted by law.

   c. Mark Horowitz violated Conn. Agencies Reg. § 36a-647-5 by engaging in conduct as described above, the natural consequence of which was to harass or abuse the Plaintiff; and

   d. Mark Horowitz violated Conn. Agencies Reg. § 36a-647-6 by using deceptive practices as described above.

47. For Mark Horowitz's violations of the CCPA, Plaintiff is entitled to recover her actual damages (including emotional distress related damages), statutory damages of $1,000, and reasonable attorney's fees, pursuant to Public Act No. 07-176.

## Fifth Count
## Connecticut Unfair Trade Practices Act – Mark Horowitz

48. Plaintiff incorporates Paragraphs 1-21.

49. Mark Horowitz violated CUTPA by his unauthorized billing practices described above.

50. Mark Horowitz's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff.

51. Plaintiff has sustained an ascertainable loss as a result of Mark Horowitz's unfair billing practices, including but not limited to lost babysitting income.

52. Mark Horowitz is liable to Plaintiff for her actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

53. Plaintiff is also entitled to injunctive relief under CUTPA enjoining Mark Horowitz from assessing future finance charges, interest charges, and billing charges.

WHEREFORE, the Plaintiff prays for the following relief:

Actual damages (including emotional distress related damages), statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g, actual damages, statutory damages, and attorney's fees and costs pursuant to Public Act No. 07-176, and such other relief as this Court deems appropriate.

**PLAINTIFF, MELISSA SULLIVAN**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457